OPINION
{¶ 1} Larry Ealy appeals from the judgment of the Dayton Municipal Court finding him guilty of a speeding violation.
 {¶ 2} Ealy's speeding violation resulted from observations made by Dayton Police Officer James Mullins on July 29, 2002 at 11:25 p.m. Mullins testified that he was in a marked cruiser in the vicinity of Salem and Superior Avenues in Dayton when he observed a gray 1992 Chevrolet Caprice approaching at an excessive speed northbound on Salem Avenue.
 {¶ 3} Mullins said he fell in behind the speeding vehicle and "paced" its speed at 62 miles per hour. Mullins said the vehicle slowed approximately five or six blocks past Harvard Avenue to negotiate a turn. Mullins said he stopped the vehicle and spoke to Ealy who was the driver. Mullins said Ealy was accompanied by an adult passenger and five children, none of whom were in car seats. Mullins said he told Ealy he had "paced" him at 62 miles per hour, and he said Ealy replied that he might have been speeding but that he was not going 62 miles per hour. (Tr. 9). Mullins told Ealy that he would write the ticket for fifty-five (55) miles per hour in a thirty-five (35) miles per hour zone, to save Ealy some money by avoiding a higher fine for being more than twenty miles over the speed limit. Mullins testified that he had never seen Ealy before that stop, and his only reason for stopping the car was for speeding.
 {¶ 4} Dale Lane, the passenger in Ealy's car, testified he was not sure if Ealy was driving faster than 35 miles per hour but he did not believe that Ealy could have been driving 65 miles per hour on Salem Avenue. He admitted he did not look at the vehicle's speedometer as they proceeded up Salem Avenue.
 {¶ 5} Ealy testified he also did not watch his speedometer at all times but that he proceeded at the pace of other cars. (Tr. 45). Ealy testified he drove his car up Salem Avenue at thirty miles per hour, the posted limit. (Tr. 46). He said although Mullins was "nice," he believed Mullins was racially profiling him.
 {¶ 6} Ealy represents himself on this appeal and has not assigned a specific error but we conclude from his arguments that he believes the State failed to prove its case against him beyond a reasonable doubt; in other words, the judgment was against the manifest weight of the evidence.
 {¶ 7} This matter was tried before a magistrate who heard the testimony of the witnesses and assessed their credibility. A reviewing court is bound to give substantial deference to the trier of facts' credibility determinations. There is evidence in this record to support the trial court's findings and we find the judgment is not against the manifest weight of the evidence.
 {¶ 8} The judgment of the trial court is Affirmed.
FAIN, P.J., and YOUNG, J., concur.